UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICA FIRST LEGAL FOUNDATION,<br><br>                  Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF EDUCATION,<br><br>                  Defendant. | Case No. 1:24-cv-01224 (DLF) |

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant United States Department of Education ("Education") hereby answers Plaintiff's Complaint in this Freedom of Information Act ("FOIA") and submits its affirmative defenses.  Defendant responds below to the separately numbered paragraphs and prayer for relief contained in the Complaint.  To the extent that any allegation is not admitted herein, it is denied. Moreover, to the extent that the Complaint refers to or quotes from external documents, statutes, or other sources, Defendant may refer to such materials for their accurate and complete contents; however, such references are not intended to be, and should not be construed to be, an admission that the cited materials: (a) are correctly cited or quoted by Plaintiff; (b) are relevant to this, or any other, action; or (c) are admissible in this, or any other, action.  Defendant reserves their right to amend, alter and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to Defendant through the course of the litigation.

## COMPLAINT[1]

1.      This paragraph contains Plaintiff's characterization of this action, to which no response is required.

## JURISDICTION AND VENUE

2.      This paragraph asserts conclusion of law regarding jurisdiction to which no response is required.  To the extent any response is required, Defendant admits that this Court has subject matter jurisdiction over FOIA claims, subject to the terms and limitations of FOIA.

3.      This paragraph asserts conclusion of law regarding venue to which no response is required.  To the extent any response is required, Defendant admits that venue can be found in this judicial district.

## PARTIES

4.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

5.      Defendant admits that the Department of Education is a federal agency within the meaning of FOIA, with its headquarters located at 400 Maryland Avenue, SW, Washington, DC 20202.

6.      Defendant admits only that Education has possession, custody, and control of certain records potentially responsive to Plaintiff's requests.

---

[1]      For ease of reference only, Defendant's Answer replicates the headings contained in the Complaint.  Although Defendant believes that no response is required to such headings, to the extent a response is deemed required and to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

## AFL'S FOIA REQUESTS

*Pro-Hamas Activity Request*

7.      Defendant admits only that on November 6, 2023, Plaintiff submitted the FOIA request attached as Exhibit 1 to the Complaint.  The remainder of the paragraph contains Plaintiff's characterization of its FOIA request, to which no response is required.  To the extent any response is required, Defendant respectfully directs the Court to the contents of the request and denies all allegations inconsistent therewith.

8.      The allegations in paragraph 8 concern the conduct of third parties, and Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.  Moreover, to the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.  To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

9.      The allegations in paragraph 9 concern the conduct of third parties, and Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.  Moreover, to the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.  To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims

of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

10.     The allegations in paragraph 10 concern the conduct of third parties, and Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.  Moreover, to the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.  To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

11.     Defendant admits that the November 6, 2023, FOIA request contained a request for waiver of "all search and duplication fees associated with this request."

12.     Admitted.

13.     Admitted.

14.     Defendant admits that, as of the filing date of the Complaint, it had not yet issued a final determination with respect to the FOIA request or produced any responsive records.

*Student Visa Holders Request*

15.     Defendant admits only that on January 2, 2024, Defendant received the second FOIA request, which is attached as Exhibit 4 to the Complaint.  The remainder of the paragraph contains Plaintiff's characterization of its FOIA request, to which no response is required.  To the extent any response is required, Defendant, respectfully directs the Court to the contents of the request and denies all allegations inconsistent therewith.

16.     Defendant admits that the January 2, 2024, FOIA request contained a request for "waiver of all search and duplication fees."

17.     Admitted.

18.     Admitted.

19.     Admitted.

20.     Admitted.

21.     Admitted.

22.     Defendant admits that, as of the filing date of the Complaint, it had not yet issued a final determination with respect to the FOIA request or produced any responsive records.

## CLAIM FOR RELIEF
### Violation of the FOIA, 5 U.S.C. § 552

23.     Defendant incorporates its responses to paragraph 1-22 above as if fully restated herein.

24.     The allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, Defendant denies.

25.     Defendant denies. Regarding Plaintiff's request 24-00756-F, the Defendant completed its search on January 9, 2024.  Request 24-00356-F was added to the Defendant's queue for requests requiring administrative (enterprise) searches with the E-Discovery Unit on November 14, 2023.

26.     The allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, Defendant denies.

27.     The allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, Defendant denies.

28.     The allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, Defendant denies.

29.     The allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, Defendant denies.

The remainder of the Complaint consists of Plaintiff's requests for relief, to which no response is required.  To the extent a response is required, Defendant denies that Plaintiff is entitled to the relief requested or to any relief whatsoever.

## DEFENSES

All allegations not expressly admitted are denied.   Moreover, Defendant raises the following defenses to Plaintiff's allegations:

1.     Some or all of the records and requested information in Plaintiff's FOIA requests are exempt in whole or in part under FOIA, and foreseeable harm would result from the release of this information.  *See* 5 U.S.C. § 552(b).

2.     The Complaint should be dismissed to the extent the FOIA requests fail to reasonably describe the records sought and/or any search for responsive records would be unduly burdensome.

3.     Plaintiff is not entitled to any records or relief beyond what is authorized by the FOIA.

4.     To the extent the Complaint alleges background facts unnecessary to the consideration of Defendant's response to the FOIA request at issue, the Complaint violates Rule 8(a)(2) by alleging information that is unnecessary to a "short and plain" statement of the claim. The Court should strike all such immaterial and impertinent matters pursuant to Rule 12(f).  *See Mich. Immigr. Rts. Ctr. v. Dep't of Homeland Sec.*, Civ. A. No. 16-14192, 2017 WL 2471277, at

*3 (E.D. Mich. June 8, 2017) (deeming stricken under Rule 12(f) background facts alleged in a FOIA complaint: "In this unique context, requiring Defendants to answer allegations in Plaintiffs' complaint that they would not otherwise be required to answer, and that are not material to Plaintiffs' FOIA claim, would prejudice Defendants."); *Robert v. Dep't of Just.*, Civ. A. No. 05-2543, 2005 WL 3371480, at *11 (E.D.N.Y. Dec. 12, 2005) (striking allegations of background facts; concluding that plaintiff's "allegations are irrelevant to the validity of [his] FOIA claims").

5.     Defendant hereby reserves any and all other defenses or affirmative defenses not currently known, which it has or learns may be applicable.

WHEREFORE, having fully answered the allegations in the Complaint and submitted its denials, defenses, and affirmative defenses, the United States prays plaintiff take nothing by way of this lawsuit and that judgment be awarded in favor of the United States, together with costs and such other and further relief as the Court deems appropriate.

Dated: June 27, 2024
        Washington, DC

                                        Respectfully submitted,

                                        MATTHEW M. GRAVES, D.C. Bar #481052
                                        United States Attorney

                                        BRIAN P. HUDAK
                                        Chief, Civil Division


                                        By: _____*/s/ Thomas W. Duffey*_____
                                            THOMAS W. DUFFEY
                                            Assistant United States Attorney
                                            601 D Street, NW
                                            Washington, DC 20530
                                            (202) 252-2510
                                            Thomas.duffey@usdoj.gov

                                        *Attorneys for the United States of America*

7